UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

RODGER SMITH, Individually and on Behalf
of All Others Similarly Situated,

       Plaintiff,

v.

WALMART, INC.,

       Defendant.

Judge _____

_____/

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C §§ 1332, 1441, 1446, and 1453, Defendant Walmart Inc. ("Walmart") hereby removes the action, *Smith v. Walmart, Inc.*, Case No. CACE-20-021823, from the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida. In support thereof, Walmart states as follows:

**FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. On December 29, 2020, Plaintiff Rodger Smith ("Plaintiff") filed a putative class action complaint ("Complaint") against Walmart in the Seventeenth Judicial Circuit, Broward County, Florida. Pursuant to U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff alleges to have purchased Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) (the "Product") at a Walmart located at 1199 S Federal Hwy, Pompano Beach, Florida 33062. Compl. ¶ 11.

3. Plaintiff further alleges that the statement on the label of the Product that it "makes up to 240 6 fl. oz. cups" is false and misleading because the back label on the Product "states that 1 tablespoon of coffee grounds should be used for each 6 fluid ounces of cold water" (*id.* ¶ 16),

-1-

but "testing of the product establishes that it will not produce anywhere close to 240 tablespoons of coffee" (*id.* ¶ 19).

4. The Complaint asserts claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") on behalf of Plaintiff and a putative class defined as the following: "All persons throughout Florida, who, within the four years preceding the filing the original Complaint ('Class Period'), purchased one or more of the Products for personal use and not resale ('Class')." *Id.* ¶ 45.

5. As a result of Walmart's alleged actions, Plaintiff seeks individual and class-wide relief, including the following: (a) "restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices"; (b) actual damages; (c) injunctive relief; and (d) attorneys' fees and costs. *Id.*, Prayer For Relief.

6. The Complaint and a summons were served on Walmart on January 4, 2021. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Walmart are attached as Exhibit B.

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

7. This Court has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. 1332(d) and 1453. Specifically, jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A).

8. CAFA provides that federal courts have original jurisdiction over putative class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending. The

requirements for jurisdiction under CAFA are satisfied here.

### The Parties are Minimally Diverse

9. Plaintiff alleges that he "resides in Broward County, Florida" and purchased the Product in Pompano Beach, Florida. Compl. ¶¶ 3, 11. Plaintiff resides in, and is a citizen of, the State of Florida. *Id.*

10. Walmart is incorporated in Delaware and maintains its principal place of business in Arkansas. Compl. ¶ 4.

11. Accordingly, CAFA's minimal diversity requirement is satisfied in this action because Plaintiff is a citizen of Florida, whereas Walmart is a citizen of Delaware and Arkansas. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

### The Parties are Sufficiently Numerous to Satisfy CAFA

12. Plaintiff alleges that the "members of the Class are so numerous that individual joinder of all class members is impracticable." Compl. ¶ 48.

13. Moreover, there are substantially more than 100 members in the proposed class, which includes "[a]ll persons throughout Florida, who, within the four years preceding the filing of the original Complaint ('Class Period'), purchased one or more of the Products for personal use and not resale ('Class')." Compl. ¶ 45. Sales data obtained by Walmart confirms that Walmart sold millions of dollars of the Product during the putative class period. *See* Ex. C, Decl. of Ryan Isabell, ¶¶ 5–6, attached here to as Exhibit C. CAFA's numerosity requirement is satisfied.

### There is at Least $5,000,000 in Controversy

14. Here, the aggregate amount in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs. As the Eleventh Circuit has explained, "[w]here . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010) (quotation marks omitted). The defendant need only show "that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement[.]" *Id.* (citations and quotation marks omitted). The defendant can take into account damages and any equitable relief the plaintiff seeks, as long as the estimate is not overly speculative. *See Leonard v. Enter. Rent a Car,* 279 F.3d 967, 973 (11th Cir. 2002).[1]

15.     To assess the amount in controversy, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka*, 608 F.3d at 751; *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (noting that the amount in controversy is an "estimate of how much will be put at issue in the litigation" and that this "amount is not discounted by the chance that the plaintiffs will lose on the merits"). Even "the amount of damages flowing from facially deficient claims should . . . be considered when determining the amount in controversy." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014) (holding that the refusal to consider such damages was "error").

16.     "CAFA eliminates the general rule of nonaggregation for purposes of determining the amount in controversy. While the general rule of nonaggregation holds that the over $75,000 amount in controversy must be established for each individual plaintiff, the amount in controversy under CAFA can be satisfied by aggregating the individual class members' claims." *Waldman v.*

---

[1] Walmart contests and will vigorously defend the meritless claims Plaintiff advances in this lawsuit, but for purposes of determining the amount in controversy, the references to potential recovery are provided here only to establish that the controverted amount exceeds the jurisdictional minimum under CAFA. *"The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." Pretka*, 608 F.3d at 751 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

*Cingular Wireless LLC*, 2007 WL 1970858, at *2 (S.D. Fla. July 3, 2007); *see also Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (noting that CAFA requires "adding up the value of the claim of each person who falls within the definition of the proposed class"). So long as the removing party can make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," removal is proper. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also McDaniel*, 568 F. App'x at 732 ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.") (citation and internal quotation marks omitted).

17. Here, Plaintiff demands individual and class-wide relief including the following: (a) "restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices"; (b) actual damages; (c) injunctive relief; and (d) attorneys' fees and costs. Compl., Prayer for Relief.

18. Since December 29, 2016, Walmart has made more than $5 million of sales in the State of Florida. *See* Isabell Decl., ¶ 5.[2] Thus, Plaintiff demands this amount, at minimum, through the claims for violation of the FDUTPA. Compl. ¶ 101.

19. Finally, Plaintiff's demand for injunctive relief and attorneys' fees and costs under the FDUTPA further increases the jurisdictional amount in controversy. When, as here, a statute authorizes the recovery of attorneys' fees, and the plaintiff has requested attorneys' fees, a reasonable amount of those fees is included in the amount in controversy. *See, e.g., Moshiach Cmty. Ctr. 770, Inc. v. Scottsdale Ins. Co.*, 2018 WL 6308671, at *2 (S.D. Fla. Jan. 23, 2018) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)); *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d. 1342, 1345 (S.D. Fla. 2013). In

---

[2] To the extent it is necessary, Walmart can provide additional information once a protective order is in place to govern the use of Walmart's confidential and sensitive sales data.

Eleventh Circuit cases involving class action settlements with a common fund, the benchmark for an award of attorneys' fees is typically at least 25 percent. *See Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 628 (11th Cir. 2015); *see also Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774-775 (11th Cir. 1991) (stating that district courts view 25% as a "bench mark" percentage fee award "which may be adjusted in accordance with the individual circumstances of each case"). Here, using even a conservative figure—the benchmark 25%—to estimate attorneys' fees that Plaintiff would likely recover as a prevailing party would result in hundreds of thousands of dollars in attorneys' fees. Such attorneys' fees, combined even only with actual damages sought by Plaintiff, will more likely than not satisfy the $5 million jurisdictional requirement. Accordingly, the amount in controversy well exceeds $5,000,000. *See Gubagoo, Inc. v. Orlando*, 2020 WL 4208043, at *4 (S.D. Fla. July 22, 2020) (holding that "[i]f the projected reasonable amount of attorney's fees through trial were considered when calculating the amount in controversy, this would clearly place the amount at issue beyond the jurisdictional threshold") (citing *Moshiach Cmty. 770, Inc.*, 2018 WL 6308671, at *2).

20. Accordingly, Plaintiff's request for damages and/or restitution alone establishes an amount in controversy well in excess of $5 million.

## **VENUE IS PROPER**

21. Venue is proper because this action was initially filed in the Circuit Court, Seventeenth Judicial Circuit, Broward County, which is located in the Southern District of Florida. *See* 28 U.S.C. § 1441(a) (noting that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. § 89(c) (noting that the Southern District of Florida encompasses Broward County).

22. Further, venue is proper under 28 U.S.C. § 1391 because Plaintiff allegedly

purchased the Product at a Walmart store in Broward County. Compl. ¶ 11.

## REMOVAL IS TIMELY

23. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and complaint. Walmart was served with a summons and complaint on January 4, 2021. Accordingly, Walmart's Notice of Removal is timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

24. Walmart has not filed any responsive pleadings or any other papers responding to the Complaint filed in the state court.

25. Written notice hereof will promptly be provided to Plaintiff and a copy of this Notice of Removal is being filed contemporaneously with the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Walmart respectfully requests that this action be removed to this Court as set forth above; that all further proceedings in the state court be stayed; and that Walmart obtain all additional relief to which it is entitled.

Dated:  February 2, 2021         By:     */s/ Cristina Calvar*
                                         Cristina Calvar (Florida Bar No. 114201)
                                         WINSTON & STRAWN LLP
                                         200 Park Avenue
                                         New York, NY 10166-4193
                                         Telephone: (212) 294-5331
                                         Facsimile: (212) 294-4700
                                         ccalvar@winston.com

        Ronald Y. Rothstein (*pro hac vice forthcoming*)
        Sean H. Suber (*pro hac vice forthcoming*)
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, IL 60601
        Telephone:  (312) 558-5600
        Facsimile:   (312) 558-5700
        rrothste@winston.com
        SSuber@winston.com

        *Counsel for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

I, Cristina Calvar, hereby certify that on February 2, 2021, the foregoing document was filed via the Court's CM/ECF system, and also sent by email and U.S. mail to counsel for Plaintiff:

Joel Oster
joel@joelosterlaw.com
Law Offices of Howard Rubinstein, P.A.
22052 W. 66th St., #192
Shawnee, KS 66226

Lydia S. Zbrzeznj
lydia@southernatlanticlaw.com
Nicholas T. Zbrzeznj
nick@southernatlanticlaw.com
Southern Atlantic Law Group, PLLC
99 6th Street SW
Winter Haven, FL 33880

*Counsel for Plaintiff Rodger Smith*

                                                                      */s/ Cristina Calvar*