# Exhibit A

Case Number: CACE-20-021823 Division: 21
Filing # 118852855 E-Filed 12/29/2020 05:35:47 PM

**IN THE CIRCUIT COURT, SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

CLASS REPRESENTATION

RODGER SMITH

    Plaintiff,

                              CASE NO.:

vs.

WALMART, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

    Plaintiff, RODGER SMITH, individually, and on behalf of all others similarly situated in Florida, by and through the undersigned counsel, and pursuant to all applicable *Florida Rules of Civil Procedure*, hereby files this Class Action Complaint, and alleges against Defendant, WALMART, INC. (hereinafter "Walmart"), as follows:

### I.    JURISDICTION & VENUE

    1.    This is a class action for damages pursuant to Florida Rule of Civil Procedure 1.220(b)(3) in excess of Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs, and attorneys' 'fees.

    2.    Jurisdiction in this Court is proper pursuant to Sections 86.011, 86.021, 86.051, and 86.101, *Florida Statutes*. This Court has jurisdiction over Defendant because the Defendant has sufficient contacts with the State of Florida, Broward County, and it intentionally availed itself of the consumers or markets within the State of Florida, and more specifically, Broward County. The

acts complained of herein occurred in Broward County, in the State of Florida.

3.      Venue for this Action lays in Broward County, Florida, pursuant to the provisions of Section 47.051, and 501.207, *Florida Statutes*, because Defendant transacts business in Broward County, Florida and the transactions out of which this Action arose occurred in Broward County, Florida.

**II.     PARTIES**

3.      Plaintiff, RODGER SMITH, is an individual consumer over the age of eighteen (18), who resides in Broward County, Florida. Plaintiff, RODGER SMITH, seeks injunctive relief and damages on behalf of Plaintiff and the Class, and respectfully requests a jury trial as to damages.

4.      Defendant, Walmart, is an Arkansas Company, which at all times material hereto was registered and conducting business in Florida, maintained agents for the customary transaction of business in Florida, and conducted substantial and not isolated business activity within this state.

5.      The advertising and labeling for the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt 30.5 Oz) purchased by Plaintiff, RODGER SMITH, and at issue in this Action was marketed and sold by Walmart and its agents, and was disseminated by Walmart and its agents with advertising and labeling containing the misrepresentations alleged herein.

6.      The Folgers coffee cannister described above, specifically Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz); will hereinafter be referred to as the "Product."

7.      The advertising and labeling for the Product was designed to

encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e., Plaintiff and the Class into purchasing the Product which contained unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements.

8.      Plaintiff alleges that, at all times relevant herein, Walmart and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Walmart and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

9.      In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Walmart, in concert with its subsidiaries, affiliates, and/or other related entities, and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Walmart participated in this activity by marketing and selling a Product containing misrepresentations.

10.     Whenever reference in this Class Action Complaint is made to any act by Walmart or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Walmart committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Walmart while actively engaged in the scope of their duties.

### III. **FACTUAL ALLEGATIONS**

11.    On or about September 2, 2020, Plaintiff, Rodger Smith, purchased Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) at a Walmart located at 1199 S Federal Hwy, Pompano Beach, FL 33062. A copy of the Receipt is attached hereto as **Exhibit "A."**

12.    The Folgers Classic Decaf Medium Roast Ground Coffee product is comprised of coffee grounds, provided to consumers for the purpose of brewing cups of coffee.

13.    The product's front label prominently states that the product **"Makes Up to 240 Cups."** Photographs of the product are attached hereto as **Exhibit "B."**

14.    Walmart also advertises the product on its website at https://www.walmart.com/ip/Folgers-Classic-Decaf-Ground-Coffee-Medium-Roast-30-5-Ounce/45796276. A photograph of the product as advertised on Walmart's website is attached hereto as **Exhibit "C."**

15.    Based on this prominent labeling, a consumer purchasing this product would reasonably believe that the product could be used to brew **up to 240 cups of coffee.**

16.    The product's back label provides instructions on how to brew a cup of coffee. The back-label states that 1 tablespoon of coffee grounds should be used for each 6 fluid ounces of cold water. *See* Ex. "B."

17.    The same instructions are provided on Walmart's website at

https://www.walmart.com/ip/Folgers-Classic-Decaf-Ground-Coffee-Medium-Roast-30-5-Ounce/45796276. A photograph of the brewing instructions for the Product, as advertised on Walmart's website is attached hereto as **Exhibit "D."**

18. The representations contained on the product and on Walmart's website cause consumers to expect that if the consumer is purchasing the product that he or she is purchasing a product that, when following the directions provided, could brew 240 cups of coffee. In other words, a consumer would reasonably expect that he or she could measure 240 tablespoons of coffee grounds from the product.

19. However, testing of the product establishes that it will not produce anywhere close to 240 tablespoons of coffee and therefore, when the directions are followed, will not produce anywhere close to 240 6 fluid ounce cups of coffee.

20. The Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product's labeling and advertising, as outlined and explained above, contain representations which are misleading and deceptive and that are likely to mislead a consumer acting reasonably in the circumstances to his or her detriment by purchasing a product the consumer would reasonably believe to be capable of brewing 240 6 fluid ounce cups of coffee.

21. In reliance on the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product's label and advertising, the Plaintiff, a consumer, reasonably believed he was purchasing a product capable of brewing 240 6 fluid ounce cups of coffee.

22.     Plaintiff was cheated out of a percentage of coffee that he paid to receive and therefore sustained actual damages.

23.     Plaintiff purchased the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product as a product being capable of brewing 240 cups of coffee, and it was not such a product. Plaintiff was damaged in proportion to the servings of coffee not received.

24.     The representations contained on the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product, as outlined and explained above, which are uniformly, consistently and prominently displayed on each individual package of the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product are untrue, misleading and deceive the public.

25.     Plaintiff is aggrieved by the deceptively labeled and marketed Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product as he relied on the misleading and deceptive labeling and advertising and was deprived of the benefit of the bargain he reasonably anticipated from the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product's labeling and advertising; specifically, he was deprived of the benefit he paid for a product labeled and advertised as being capable of brewing 240 cups of coffee (when in reality the Product made fewer cups of coffee than promised). Reasonable consumers, such as the Plaintiff, will continue to be aggrieved by the deceptive and misleading labeling and advertising of the Folgers Classic Decaf Medium Roast Ground Coffee (Net Wt. 30.5 Oz) product as reasonable consumers will continue to make the plausible connection that they are purchasing a product

capable of brewing 240 cups of coffee.

26. Upon information and reasonable belief Defendant could sell the Product without deceptive labeling by, for example, not displaying on the front label any representations about the number of cups of coffee a consumer could brew from the Product.

27. Alternatively, Defendant could sell the Product with an accurate representation as to the number of cups of coffee that could be brewed when following the directions.

28. Walmart unlawfully marketed, advertised, sold, and distributed the Product to Florida purchasers.

29. Therefore, Walmart is knowingly unlawfully marketing, advertising, selling, and distributing deceptive Products to Florida purchasers.

30. Walmart sold the Products at a premium price, above other similar products in the marketplace that do not claim to be capable of brewing the cups of coffee advertised on the packaging and labeling of the Products.

31. The Product's false and misleading representations on the Products deceive Florida consumers for the reasons previously alleged, above.

32. Plaintiff has performed all conditions precedent to bringing this Action.

33. As an immediate, direct, and proximate result of Walmart advertising, marketing, and selling the Product with its misleading, and deceptive representations, Walmart injured Plaintiff and the other Class members in that

Plaintiff and other Class members:

    a.    paid a sum of money for the Products that were not as represented;

    b.    paid a premium price for the Products that were not as represented;

    c.    were deprived the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

    d.    were deprived the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

    e.    did not receive Products that measured up to their expectations as created by Defendant;

    f.    purchased Products that were other than what was represented by Defendant;

    g.    received Products that Plaintiff and the other members of the Class did not expect or consent to;

    h.    received Products that were of a lower quality than what Defendant promised.

34.    Had Walmart not made the false, misleading, and deceptive representations, Plaintiff and the other Class members would not have been economically injured because Plaintiff and the other Class members would not have purchased the Product.

35.    Plaintiff and the other Class members would likely purchase the Product again if the deceptive advertising and labeling on the Products were corrected.

36. Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

37. Plaintiff and the other Class members did not obtain the full value of the advertised Product due to Defendant's misrepresentations.

38. Plaintiff and the other Class members purchased, purchased more of, or paid more for the Products than they would have done had they known the truth about the Products.

**Plaintiff's Purchases and Damages**

39. Plaintiff has purchased one or more of the Products in Broward County, Florida, during the Class Period.

40. The Products purchased by Plaintiff were deceptively advertised and marketed for the reasons previously alleged herein.

41. With respect to the Products, Plaintiff and members of the Class paid a price premium or received less than they bargained for, because Plaintiff and members of the Class reasonably believed the Product could be used to brew up to the cups of coffee specified on the label and in the advertising, not less than that number of cups.

42. Likewise, if Plaintiff and members of the Class had known that the Products could not be used to brew up to the number of cups of coffee specified on the label and in the advertising, they would not have purchased the Products.

43. The Products are worth significantly less than what Plaintiff and

members of the Class paid for, and/or is not what Plaintiff and members of the Class reasonably intended to receive.

44. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this *Class Action Complaint* as if fully set forth herein.

45. Pursuant to Rule 1.220, *Florida Rules of Civil Procedure,* Plaintiffs bring this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

**All persons throughout Florida, who, within the four years preceding the filing of the original Complaint ("Class Period"), purchased one or more of the Products for personal use and not resale ("Class").**

46. Excluded from the Class are Defendant, their subsidiaries, affiliates, and employees; all persons who make a timely election to be excluded from the Class; governmental entities; and the Judge(s) to whom this case is assigned and any immediate family members thereof.

47. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those claims in individual actions alleging the same claims.

## A. Numerosity

48. The members of the Class are so numerous that individual joinder of all class members is impracticable.

49.     The precise number of members of the Class is unknown to Plaintiff, but it is clear that the number greatly exceeds the number that would make joinder practicable, particularly given Walmart's comprehensive distribution and sales network throughout Florida.

50.     Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

## B. Commonality and Predominance

51.     This Action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class. All members of the Class were exposed to Defendants' deceptive and misleading advertising and marketing claims alleged herein.

52.     Furthermore, common questions of law or fact include:

a.      whether Defendant engaged in the conduct as alleged herein;

b.      whether Defendant's practices violate applicable law cited herein;

c.      whether Plaintiff and the other members of the Class are entitled to actual, statutory, or other forms of damages, and/or other monetary relief; and

d.      whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive relief.

53.     Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually, and on behalf of

the other members of the Class. Materially identical business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers.

## C. Typicality

54.     Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all members of the Class were comparably injured through the same uniform misconduct described herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

## D. Adequacy of Representation

55.     Plaintiff is an adequate representative of the members of the Class because Plaintiff's interests do not conflict with the interests of the other members of the Class that Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff will prosecute this action vigorously. The Class' interests will be fairly and adequately protected by Plaintiff and Plaintiff's counsel. Undersigned counsel has represented consumers in a wide variety of actions where they have sought to protect consumers from fraudulent and deceptive practices.

## E. Declaratory and Injunctive Relief

56.     Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with

respect to the members of the Class as a whole.

## F. Superiority

57.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.  Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments; and increases the delay and expense to all parties and the court system and thereby unnecessarily clogging of dockets.

58.     By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Given the similar nature of the members of the Class' claims and the absence of material or dispositive differences in laws upon which the claims are based, the Class will be easily managed by the Court and the parties.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 et seq.

59.     Plaintiff re-alleges and incorporates by reference the allegations set

forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

60.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 501.213, *Florida Statutes.*

61.     The express purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Section 501.202(2), *Florida Statutes.*

62.     Section 501.204(1), *Florida Statutes* declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

63.     The sale of the Products at issue in this cause were "consumer transactions" within the scope of FDUTPA.

64.     Plaintiff and all Class members are "consumers" as defined by Section 501.203, *Florida Statutes.*

65.     The Product is a good within the meaning of FDUTPA and Defendant is engaged in trade or commerce within the meaning of FDUTPA.

66.     Defendant's unfair and deceptive practices are likely to mislead – and have misled – reasonable consumers, such as Plaintiff and members of the Class, and therefore, violate Section 500.04, *Florida Statutes.*

67.     Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are

immoral, unethical, unscrupulous and substantially injurious to consumers.

68.     Specifically, Defendant marketed, advertised, and sold the Products in a deceptive, false and misleading manner since the representations contained on the Products cause reasonable consumers of the Products to believe the Products could be used to brew up to the number of cups of coffee specified in the advertising and on the label.

69.     Plaintiff and all Class Members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased and consumed Defendant's deceptively labeled and marketed Products.

70.     Reasonable consumers rely on Defendant to honestly market and advertise the Products in a way that does not deceive reasonable consumers into believing they are purchasing a Product that could be used to brew up to the number of cups of coffee specified on the label and in the advertising, when the truth is that the Products can brew significantly less than that amount.

71.     Defendant has deceived reasonable consumers, like Plaintiff and the Class, into believing the Products were something they were not.

72.     Plaintiff and all Class Members suffered damages and are entitled to injunctive relief.

73.     Pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*, Plaintiff and the Class make claims for damages, attorney's fees and costs. The damages suffered by the Plaintiff and the Class were directly and proximately

caused by the deceptive, misleading, and unfair practices of Defendant. Additionally, pursuant to Section 501.211(1), *Florida Statutes*, Plaintiff and all Class Members seek injunctive relief for, *inter alia*, the Court to enjoin Defendant's above-described wrongful acts and practices, and for restitution and disgorgement.

74.     Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's violations of FDUTPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually, and on behalf of all others similarly situated, pray for relief pursuant to each cause of action set forth in this Complaint as follows:

A.     For an order certifying that the Action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

B.     For an award of equitable relief for all causes of action as follows:

1.     Enjoining Defendant from continuing to engage, use, or employ any unfair and/or deceptive business acts or practices related to the design, testing, manufacture, assembly, development, marketing, advertising, or sale of the Products for the purpose of selling the Products in such manner as set forth in detail above, or from making any claims found to violate FDUTPA or the other causes of action as set forth above;

2.      Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices; and

C.      For actual damages in an amount to be determined at trial for all causes of action;

D.      For an award of attorney's fees and costs;

E.      For any other relief the Court might deem just, appropriate, or proper; and

F.      For an award of pre- and post-judgment interest on any amounts awarded.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Submitted: December 29, 2020.

By: /s/ Joel Oster
Joel Oster
Law Offices of Howard Rubinstein, P.A.
22052 W. 66th St., #192
Shawnee, KS 66226
Telephone: 913-206-7575
Fax: 561-688-0630
Email: joel@joelosterlaw.com
ATTORNEYS FOR PLAINTIFF

Lydia S. Zbrzeznj
Florida Bar No. 98181
Nicholas T. Zbrzeznj
Florida Bar No. 98181
SOUTHERN ATLANTIC LAW GROUP, PLLC
99 6th Street SW
Winter Haven, FL 33880
Telephone: (863) 656-6672

Facsimile: (863) 301-4500
Emails: lydia@southernatlanticlaw.com
nick@southernatlanticlaw.com
kara@southernatlanticlaw.com
mark@southernatlanticlaw.com
**ATTORNEYS FOR PLAINTIFF**



Give us feedback @ survey.walmart.com
Thank you! ID #:7P9T4G1M031W

# Walmart

954-781-8774 Mgr:DALLAS
1199 S FEDERAL HWY
POMPANO BEACH FL 33062
ST# 04617 OP# 000455 TE# 80 TR# 08991
FOLGER DECAF 002550020493 F          9.96 O
PEROXIDE      030869470710H          0.88 N
FUSION5 PG    004740065958          39.97 X
FOL 3702 PRL 002550010146 F          9.96 N
                      SUBTOTAL       60.77
    TAX 1   7.000 %                   2.80
                      TOTAL          63.57



              CASH  TEND          100.00
              CHANGE DUE           36.43
              # ITEMS SOLD 4
    TC# 7008 8545 8331 9172 9460

Low Prices You Can Trust. Every Day.
      09/02/20      12:45:20

Exhibit A





Exhibit B 2 of 2



Exhibit C



Exhibit D

Case Number: CACE-20-021823 Division: 21

Filing # 118852855 E-Filed 12/29/2020 05:35:47 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.      CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>RODGER SMITH</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>WALMART INC</u>
Defendant

## II.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 – $30,000
☒ $30,001– $50,000
☐ $50,001– $75,000
☐ $75,001 – $100,000
☐ over $100,000.00

## III.      TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 12/29/2020 05:35:44 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Howard Rubinstein</u>        Fla. Bar # <u>104108</u>
        Attorney or party             (Bar # if attorney)

<u>Howard Rubinstein</u>        <u>12/29/2020</u>
(type or print name)        Date

- 3 -